## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANDRULIS PHARMACEUTICALS CORP., )
)
       Plaintiff, )
)   Civil Action No. 13-1644 (RGA)
      v. )
)   **JURY TRIAL DEMANDED**
CELGENE CORP., )
)
       Defendant. )

## SCHEDULING ORDER

This _____ day of _____ 2014, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1 (b) on May 13, 2014, and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(l) Initial Disclosures. Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)

by May 29, 2014. Except as expressly noted below, the parties will also abide by the Court's

Default Standard for Discovery, including Discovery of Electronically Stored Information

("ESI"), as revised on December 8, 2011 ("Default Standard").

The parties shall also make the following disclosures:

    a.    Identification of Accused Products, Asserted Patents, and Damages

Model. Pursuant to Paragraph 4(a) of the Default Standard, by June 12, 2014, Plaintiff shall

specifically identify the accused products and the asserted patents they allegedly infringe, and

produce the file history for each asserted patent.

1

b. <u>Core Technical Documents</u>. Pursuant to Paragraph 4(b) of the Default Standard, Defendant shall produce to the Plaintiff the respective Core Technical Documents related to the accused products by July 14, 2014.

c. <u>Infringement Contentions</u>. Pursuant to Paragraph 4(c) of the Default Standard, Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claim(s) each product allegedly infringes by August 13, 2014.

d. <u>Invalidity Contentions</u>. Pursuant to Paragraph 4(d) of the Default Discovery Standard, Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) by September 11, 2014.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 9, 2015.

3. <u>Discovery</u>.

a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before December 21, 2015. Fact discovery shall be completed on or before June 16, 2015.

b. <u>Document Production</u>. Document production shall be substantially complete by April 27, 2015.

c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side.

d. <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

e. <u>Depositions</u>.

2

    i.  Limitation on Hours for Deposition Discovery. Each side may take up to 100 total hours of testimony by deposition upon oral examination, including third-party depositions. Of these 100 hours, no more than 50 hours may be used for party depositions, including no more than 20 hours for 30(b)(6) depositions. Each side is entitled to notice three 30(b)(6) depositions. All depositions other than 30(b)(6) depositions are subject to a limit of 7 hours, with the exception of inventor depositions, which are subject to a limit of 14 hours. Every two hours of a deposition in which an interpreter speaks on the record counts as one hour. A party needing additional deposition hours or 30(b)(6) notices may seek agreement from the other side or leave from the Court.

    ii.  Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. If the parties cannot reach agreement on the location of depositions for party-employees, any such depositions will be held in this district.

    f.  Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its

3

position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4.      Application to Court for Protective Order.  Counsel will confer and attempt to reach an agreement on a proposed form of protective order and submit it to the Court within thirty days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.      Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed

4

under seal.

7.     Claim Construction Issue Identification.  On or before October 20, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before November 17, 2014, the parties shall exchange their initial proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than November 24, 2014.  The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

8.     Claim Construction Briefing.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on December 22, 2014. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on February 2, 2015.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on February 27, 2015.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on March 23, 2015.  No later than March 30, 2015, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]

      1.      Plaintiff's Opening Position

      2.      Defendant's Answering Position

      3.      Plaintiff's Reply Position

      4.      Defendant's Sur-Reply Position

B.      [TERM 2]

      1.      Plaintiff's Opening Position

      2.      Defendant's Answering Position

      3.      Plaintiff's Reply Position

      4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      9.      Hearing on Claim Construction. Beginning at 9:00 a. m. on April 30, 2015, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

      10.     Disclosure of Expert Testimony.

            a.      Expert Reports. For the party who has the initial burden of proof on the

6

subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 18, 2015. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before October 6, 2015. Reply expert reports from the party with the initial burden of proof are due on or before November 3, 2015. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Depositions of experts shall be completed on or before December 21, 2015.

b.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 21, 2016. In addition, each party may submit to the Court one 3-page letter brief seeking leave to file an early summary judgment motion. Answering letter briefs shall be no longer than 3 pages and shall be filed within 14 days after service of the initial letter brief. Reply letter briefs shall be no longer than 2 pages and shall be filed within 7 days of service of the answering letter brief.

12.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.     Pretrial Conference. On May 20, 2016, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the

7

third business day before the date of the final pretrial conference. Unless otherwise ordered by
the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the
preparation of the proposed joint final pretrial order.

14.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine*
requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall
be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine*
request and any response shall contain the authorities relied upon; each *in limine* request may be
supported by a maximum of three pages of argument and may be opposed by a maximum of
three pages of argument, and the party making the *in limine* request may add a maximum of one
additional page in reply in support of its request. If more than one party is supporting or
opposing an *in limine* request, such support or opposition shall be combined in a single three
page submission (and, if the moving party, a single one page reply). No separate briefing shall
be submitted on *in limine* requests, unless otherwise permitted by the Court.

15.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be
tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed
voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict
forms no later than 5 p.m. on the third business day before the date of the final pretrial
conference. The parties shall submit simultaneously with filing each of the foregoing four
documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16.     Trial. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on
June 6, 2016, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to
the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed,
as counsel will be allocated a total number of hours in which to present their respective cases.

17.    ADR Process.  This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE